Town of SHELBURN *v.* J. M. ELDRIDGE, *et al.*

CHITTENDEN,
*January,*
1838.

In an appeal from an order of road commissioners, under the statute of 1828;—Held, that such appeal, having been entered after the intervention of one term from the time of such appeal, was not, for that cause, irregular or void.

Quære, Whether, upon such appeal, a committee could legally have been appointed, at the *same* term, at which the appeal was entered.

In reference to appeals, the expression "next term" excludes a present or existing session of the court appealed to, and carries the appeal to the next succeeding term.

A committee appointed, upon an appeal from the decision of road commissioners, under the provisions of the statute of 1828, having a commission, unlimited in terms, might execute such commission at any time, until change of circumstances should render its execution no longer necessary or useful.

The decision of such committee, taxing costs against the original petitioners, is of a judicial character, and as conclusively creates a debt against them, as the judgment of any court of record could have done.

The action of debt is the appropriate remedy in such case.

THIS was an action of debt, in which the plaintiffs declared, among other things, in substance, that the defendants, on the 4th Feb. 1829, presented their petition to the road commissioners of Chittenden county, for the laying of a new road, or the alteration of the old one, from the village of Hinesburgh, through a part of the towns of Hinesburgh, St. George, Shelburn, Williston, and Burlington, to the college in said Burlington; that the said commissioners, on the 5th day of Feb. 1829, issued a notice to the selectmen of the said towns, of the time and place of meeting of said commissioners, for the purposes mentioned in said petition, which notice was duly served and returned; that, in pursuance of said notice, they did meet, on the 5th day of May, 1829, the time and at the place appointed in said notice, and, accompanied by a part of the selectmen of said several towns, after a careful examination of the various routes between said village of Hinesburgh and said college, did consider and order, relative to said petition and the matters arising therein, that the road between said points be established as follows—(setting out the road) and that the road so established be made by the 1st day of Dec. 1830;—that within twenty days after such order of said commissioners, the plaintiffs, on the 13th day of May, 1829, lodged, in the office of the clerk of said commissioners, their appeal from said order to the county court, for the county of Chittenden;—that said clerk

caused John M. Eldridge, he being the first signer of the original petition, to be notified of such appeal, and that said appeal would be entered at the adjourned term of said court, to be holden on the 16th day of November, 1829, it being the then next term of said county court, after the doings of the commissioners aforesaid had been recorded in the several towns aforesaid ; that a certified copy of said petition having been filed in said county court, and the notice aforesaid duly returned, such proceedings were had, that, at a term of said county court, holden on the last Tuesday save one in March, 1830, the said court appointed a committee, agreeably to the statute, in such case made and provided, to reverse or affirm the proceedings of said road commissioners, on said petition ; that a rule to said committee was duly issued, on the 8th day of April, 1830, by the clerk of said court, and that the said committee, after receiving said rule, to wit, on the 18th day of February, 1832, duly notified all concerned, (setting forth the notice *in hæc verba*) of their time and place of meeting, for the purposes of their appointments ;—that said notice was duly served, (describing the mode of service ;)—that the said committee met at the time and place appointed, and adjourned to the first day of March, 1832, and, that, on said last mentioned day, having been first duly sworn, according to law, and the said towns, again appearing by their selectmen, having been duly heard in the premises, the said committee did unanimously reverse the said order and decree of said road commissioners, and taxed costs in favor of the said town of Shelburn, against the petitioners, at the sum of $158, 06, (with a profert of the records and proceedings of said committee,) and made due return of their proceedings, according to law ; and that said decision of said committee remained in full force and effect, and that an action had accrued to the plaintiffs, to have and demand of the defendants said sum of $158,06.

To this declaration the defendants demurred—and the county court adjudged said declaration sufficient, and the case came into this court, upon exceptions, by defendants, to the decision of the county court.

*Maeck & Smalley,* for plaintiffs.

*C. Adams,* for defendants.

The opinion of the Court was delivered by

ROYCE, J.—The right of recovery, in this case, is resisted on several grounds.

It is contended that the committee had no legal authority to act, because they were not appointed at an earlier term of the county court. The appeal was claimed under the statute of 1828, which directed, that in such a case, the clerk of the road commissioners, should lodge a copy of the proceedings with the clerk ' of the county court, and such court was required to appoint a committee of revision, at the first term after such copy should be lodged with their clerk. It is to be inferred, from the notice issued by the clerk of the road commissioners to the defendants, that the copy of the proceedings was first lodged with the clerk of the county court, during the session of the November adjourned Term, 1829. The stated August Term must have intervened, after the appeal claimed. But, as the statute did not expressly limit the time in that particular, the return to the November Term was not irregular or void. And it is at least doubtful whether the committee could legally have been appointed at that term, since it was not the *next term after the proceedings were lodged in court.* In reference to appeals in other cases, this language has been uniformly held to exclude a present or existing session of the court appealed to, and carry the appeal to the next succeeding term. There is, therefore, no ground on which the appointment, made at March Term, 1830, can be pronounced a nullity. It would require the most explicit negative terms in the statute to justify such a conclusion.

It is further insisted, that the powers of the committee were defeated by the repealing act of 1831, or else that they became lapsed and determined, by the neglect of the committee, for so long a period, to act under their appointment. The act of 1831, contains a proviso, that " it shall not be construed to affect any proceedings or liabilities already commenced or incurred." To hold that it did operate to dissolve the powers of the committee, would, therefore, be in direct opposition to the statute ; it would be not only to affect, but to destroy proceedings then in progress, for revising the doings of the road commissioners. In reference to the other ground, it must be admitted that here

was an unreasonable delay, on the part of the committee; but they were commissioned to act in a matter affecting the interests of others, a business of public concern, and the law had not restricted the exercise of their powers, to any particular time. Their commission, being unlimited in terms might, therefore, be executed at any time, until a change of circumstances should render its execution no longer necessary or useful.

The remaining objection is, that the plaintiffs have mistaken their remedy;—that they could only have taken execution for their costs, as provided by the acts of 1828, 1830, and 1832, or sought redress by petition to the county court, under the act of 1833. The decision of the committee was made in March, 1832. Previous to that time no execution could issue, except from the clerk of the road commissioners, and that office was abolished in the autumn of 1831. The authority of the county clerk, to discharge the former duties of the road commissioners' clerk, was not given till a year afterwards. It would follow, upon the ground assumed in the defence, that there was a suspension of all remedy from March, 1832, until the November following. But the decision of the committee was not only of a judicial character, but was expressly made a final and conclusive adjudication. It, therefore, as conclusively created a debt against the original petitions, as the judgment of any court of record could have done. And hence, in conformity to the most familiar principles applicable to this kind of action, debt became an appropriate remedy to collect it. And if this remedy would have been sustained during the period above mentioned, when there was no other, we do not think it ceased to exist, when the power of issuing executions was afterwards revived. Such a principle cannot be affirmed of judgments in general, which may be enforced by execution. Besides, if the act of 1833 should be construed to apply only to the doings of road commissioners, and not to those of a county court committee reversing their proceedings; and if the remedy by execution is limited to a year, as in ordinary cases; (and such was the intimation in *Hill* v. *Sunderland*, 7 Vt. R.) then, unless the action of debt will lie, after the lapse of a year, (which is this case) there can be no remedy

whatever. This, however, is not a necessary point to be decided. It is sufficient that a power to take execution is not alone an answer to this form of action.

Judgment of the County Court affirmed.